**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY SANFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-03024-BCL-atc |
| | ) | |
| MAXIMUS BUILDING SUPPLY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CERTAIN CLAIMS**

Before the Court is Defendant Maximus Building Supply, LLC's ("Maximus") Motion to Dismiss Certain Claims. Doc. 11.

**BACKGROUND**

This motion arises from an employment discrimination claim filed by Plaintiff Anthony Sanford on November 7, 2025. Doc. 1. Mr. Sanford was an employee of Defendant Maximus from August 2023 until March 2024. Doc. 1 at 2. On January 25, 2024, Mr. Sanford was diagnosed with Celiac Artery Dissection. *Id*. Following his diagnosis, Mr. Sanford requested time off per his doctor's orders, providing supporting medical documentation. *Id*. at 3. On February 5, 2024, Mr. Sanford returned to work and requested reasonable accommodations. *Id*. On March 18, 2024, Mr. Sanford went to the doctor and was given a doctor's note to rest and not return to work until March 20, 2024. *Id*. On that day, Mr. Sanford returned to work but was immediately sent home "due to his supervisor, Mr. Brigance's, failure to submit his medical documentation for time off." *Id*. On March 21, 2024, Mr. Sanford was terminated for alleged attendance violations, which he alleges

is pretext for disability discrimination. *Id*. at 4. He asserts claims under the Americans with Disabilities Act ("ADA"), Title VII, the Tennessee Human Rights Act ("THRA"), the Tennessee Disabilities Act ("TDA"), and common law retaliatory discharge. Doc. 1 at 6-8.

Defendant filed their Motion to Dismiss on January 28, 2026, asserting Mr. Sanford's claims under Title VII, the Tennessee Human Rights Act ("THRA"), and Tennessee common law should be dismissed. Doc. 12. Plaintiff filed a Response on March 31, 2026. Doc. 25. Defendant has also filed a Reply. Doc. 26.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility requires more than factual allegations that demonstrate "a sheer possibility" of unlawful conduct or are "'merely consistent with' a defendant's liability." *Id*. If the factual allegations "do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not show[n] that the pleader is entitled to relief" and cannot survive a motion to dismiss. *Id*. at 679. In determining whether the complaint states a plausible claim, the district court must accept the well-pleaded factual allegations in the complaint as true. *Id*. at 678-79. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679.

"In undertaking that analysis, the court must focus only on the allegations in the pleadings." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). "The court may not ... take

2

into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)." *Id*. Therefore, a 12(b)(6) motion "requires courts to stick to the complaint's allegations." *Boykin v. Fam. Dollar Stores of Michigan*, LLC, 3 F.4th 832, 838 (6th Cir. 2021).

## LEGAL ANALYSIS

### 1. Title VII

Title VII of the Civil Rights Act of 1964 states, "[i]t shall be unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. The Sixth Circuit has "explicitly held that Title VII does not cover…disability discrimination claims." *Clark v. City of Dublin, Ohio*, 178 F. App'x 522, 524 (6th Cir. 2006). The appropriate remedy for disability discrimination claims comes from the ADA. *Id*.

It must first be addressed that the Plaintiff appears to be under the impression the present motion is to dismiss the entirety of their Complaint. Doc. 25. Because of this misunderstanding, Plaintiff fails to adequately address any of Defendant's arguments in his Response. *Id*.

Defendant correctly asserts that disability discrimination claims are not actionable under Title VII. Doc. 12 at 3-6. Plaintiff argues that Defendant "improperly attempts to narrow the allegations in Plaintiff's Complaint and ignores the governing Rule 12(b)(6) standard requiring all reasonable inferences to be drawn in Plaintiff's favor." *Id*. at 3. However, reviewing all claims in Plaintiff's favor and construing all allegations as true, the Complaint still does not and cannot assert a claim for disability discrimination under Title VII. There is nothing in the Complaint that references discrimination based on Plaintiff's race, color, religion, sex, or national origin; the only

characteristics protected by this law. Doc. 1. Therefore, Plaintiff cannot use Title VII as a vehicle to assert his claims.

As noted above, the ADA provides the appropriate remedy for such disability discrimination claims, which Plaintiff has pleaded in his Complaint. Doc. 1 at 6. Plaintiff's claims under Title VII are **DISMISSED**. Plaintiff's claims under the ADA have not been challenged in Defendant's Motion and may proceed.

### 2. Tennessee Human Rights Act

The Tennessee Human Rights Act states, "[i]t is a discriminatory practice in violation of this chapter for an employer to [f]ail or refuse to hire or discharge a person or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's race, creed, color, religion, sex, age, or national origin." T. C. A. § 4-21-401. The purpose of the THRA is to "[p]rovide for execution within this state of the policies embodied in the federal Civil Rights Acts of 1964 (Title VII) ..." T. C. A. § 4-21-101. Like the scheme created by the ADA and Title VII, disability "[d]iscrimination claims under state law arising from an adverse employment action are properly brought pursuant to the TDA, rather than the THRA." *Thompson v. UGL Unicco Serv. Co.*, 750 F. Supp. 2d 907, 912 (W.D. Tenn. 2010), *aff'd sub nom. Thompson v. UGL Unicco*, 472 F. App'x 396 (6th Cir. 2012). Because "TDA works in conjunction with the THRA to grant an individual a civil cause of action for wrongful discrimination based upon a disability… disability claims alleged under the THRA have been treated as being alleged under the TDA." *Id.*; *see also Whited v. Cmty. Bank of the Cumberlands, Inc.*, No. 2-08-0061, 2010 WL 605280, at *8 (M.D. Tenn. Feb. 18, 2010) ("[T]here is no separate claim of disability discrimination under the THRA. Instead, the [TDA], provides a claim for discrimination on the basis of 'disability,' as defined under the THRA.").

Defendant argues Plaintiff cannot bring a disability discrimination claim under the THRA. Doc. 12 at 6-7. In response, Plaintiff again references the "liberal notice pleading standard" without addressing Defendant's argument. Doc. 25 at 5. Even through the lens of the most liberal pleading standard, there can be no claim for disability discrimination pled under THRA. Similar to this Court's discussion above on Title VII, THRA does not support a claim for disability discrimination.

However, Plaintiff has also pled disability discrimination under TDA which the Defendant has not challenged in the present motion. Doc. 1 at 7. Therefore, Plaintiff's claims may proceed under the TDA. Plaintiff's claims under THRA are **DISMISSED**.

### 3. Tennessee Common Law

"[U]nder Tennessee law, if a statute creates a right and remedy where no common-law right or remedy had previously been recognized, the statute is presumed to be exclusive." *Pigott v. Battle Ground Acad.*, 909 F. Supp. 2d 949, 966 (M.D. Tenn. 2012). A "common law retaliatory discharge claim is preempted by the THRA and TDA." *Esberger v. Williamson Cnty. Gov't*, No. 3:13-CV-0744, 2015 WL 3929689, at *10 (M.D. Tenn. June 2, 2015) (finding plaintiff's common law retaliatory discharge claim arising out of disability discrimination was preempted by Tennessee statute and must be dismissed).

Defendant states, "Tennessee courts have consistently held that where the legislature has enacted a comprehensive statutory scheme to address discrimination, that statutory scheme preempts parallel common law causes of action based on the same alleged conduct." Doc. 12 at 8. Again, Plaintiff makes no argument relevant to Defendant's assertions. Doc. 25 at 5. While Defendant provided no citations in support of this argument, this Court agrees that Plaintiff's retaliation claim is preempted by TDA. Plaintiff has a sufficient cause of action under TDA, which

he has pled, to address the alleged conduct against him. Plaintiff's retaliation claim under the common law is **DISMISSED**.

**CONCLUSION**

For the foregoing reasons, Plaintiff's claims under Title VII, the Tennessee Human Rights Act and common law retaliation are **DISMISSED WITH PREJUDICE**. Plaintiff's request for leave to amend is unnecessary, as his claims have survived under the laws that actually govern them, and because it would be futile to amend in the hope of shoring up the legally foreclosed claims addressed in this Order. For this reason, Plaintiff's request for leave to amend is **DENIED**.

**IT IS SO ORDERED**, this 28th day of April, 2026.

_s/Brian C. Lea_
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE